UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTHSTAR BUNKER N.V. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:20-CV-01195 |
| | § | |
| vs. | § | |
| | § | Rule 9(h) Admiralty |
| PRAXIS ENERGY AGENTS, LLC | § | |
| | § | |
| Defendant. | § | |
| ------------------------------------------------------ | | |
| PRAXIS ENERGY AGENTS, LLC | § | |
| | § | |
| Third Party Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| M/T ANDIMILOS, IMO No. 9282998, | § | |
| her engines, freights, apparel, | § | |
| appurtenances, tackle, etc., *in rem*, | § | |
| and Venetiko Shipping Corporation, | § | |
| *in personam*, | § | |
| | § | |
| Third Party Defendants. | § | |

**<u>DEFENDANT PRAXIS ENERGY AGENTS, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT,
COUNTERCLAIM, AND THIRD PARTY COMPLAINT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Praxis Energy Agents LLC (hereinafter "Praxis" or "Defendant"), by and through its undersigned counsel hereby files this Answer and Affirmative Defenses to Plaintiff Northstar Bunker N.V. (hereinafter "Northstar" or "Plaintiff") Original Complaint (the "Original Complaint"), and concurrently, a Third Party Complaint against Third-Party Defendants M/T ANDIMILOS, IMO NO. 9282998, her engines, freights, apparel,

1

appurtenances, tackle, etc., *in rem*, and Venetiko Shipping Corporation, *in personam*. Praxis respectfully avers upon information and belief as follows:

## ANSWER TO NORTHSTAR'S COMPLAINT

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Original Complaint, and therefore, Defendant denies the allegations.

2. Defendant admits the allegations contained in Paragraph 2 of the Original Complaint.

3. The allegations contained in Paragraph 3 of the Original Complaint are legal conclusions for Plaintiff to credibly prove and the Court to determine. To the extent that a response is required, Defendant admits that this Court has admiralty jurisdiction. Defendant further answers that the contract itself is the best evidence of the agreement and speaks for itself, but otherwise denies the remaining allegations contained in Paragraph 3 of the Original Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Original Complaint.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Original Complaint, and therefore, Defendant denies the allegations.

6. Defendant admits the allegations contained in Paragraph 6 of the Original Complaint.

7. Defendant admits in part the allegations contained in Paragraph 7 of the Original Complaint. Defendant admits that it submitted a Bunker Nomination on December 10, 2019 for the supply of bunkers to the M/T ANDIMILOS. To the extent that the allegations contained in

Paragraph 7 of the Original Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document.

8. To the extent that the allegations contained in Paragraph 8 of the Original Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 8 of the Original Complaint.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Original Complaint, and therefore, Defendant denies the allegations.

10. To the extent that the allegations contained in Paragraph 10 of the Original Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document. Defendant further denies that the "subject bunkers were delivered to Praxis" as Praxis never took delivery of the subject bunkers.

11. To the extent that the allegations contained in Paragraph 11 of the Original Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document.

12. Defendant admits the allegations contained in Paragraph 12 of the Original Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Original Complaint.

14. To the extent that the allegations contained in Paragraph 14 of the Original Complaint seek to paraphrase or characterize the contents of a written document Defendant denies the allegations to the extent they are inconsistent with the document. To the extent the allegations contained in Paragraph 14 of the Original Complaint seek to paraphrase or summarize an alleged course of business or conduct, Defendant denies the allegations contained in Paragraph 14 of the Original Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Original Complaint. To the extent that the allegations contained in Paragraph 15 of the Original Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant further denies the allegations to the extent that they are inconsistent with the document.

16. Defendant denies the allegations contained in Paragraph 16 of the Original Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Original Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Original Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Original Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Original Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Original Complaint.

**AFFIRMATIVE DEFENSES**

Pleading further and in the alternative, Defendant Praxis asserts the following affirmative defenses:

**First Affirmative Defense**

As for its first affirmative defense, Praxis avers that the Original Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**Second Affirmative Defense**

As for its second affirmative defense, Praxis avers that the Original Complaint should be dismissed for failure to join an indispensable party/parties.

**Third Affirmative Defense**

As for its third affirmative defense, Praxis avers that Praxis is not the legal or proximate cause of any damages claimed by Defendant in its Original Complaint.

**Fourth Affirmative Defense**

As for its fourth affirmative defense, Praxis avers that Plaintiff's claims are barred and were the result of one or more intervening or superseding causes.

**Fifth Affirmative Defense**

As for its fifth affirmative defense, Praxis avers that the damages alleged by Plaintiff were caused solely by the fault of others for whom Praxis has no responsibility. The registered owner of the M/T ANDIMILOS, Venetiko Shipping Corporation, is responsible for Plaintiff's damages.

### Sixth Affirmative Defense

As for its sixth affirmative defense, Praxis avers that Plaintiff's claims are barred by the doctrines of release, contractual limitation, waiver, and/or estoppel.

### Seventh Affirmative Defense

As for its seventh affirmative defense, Praxis avers that Plaintiff's claims are barred by Plaintiff's failure to mitigate its damages.

### Eighth Affirmative Defense

As for its eighth affirmative defense, Praxis avers that Plaintiff's claims are barred by Plaintiff's own culpable conduct, breach of contract, other acts, omissions, or its failure to act.

### Ninth Affirmative Defense

As for its ninth affirmative defense, Praxis avers that Plaintiff's damages were caused or occasioned by the fault, negligence, breach of care, warranty, and/or breach of contract of Plaintiff and/or other persons or parties other than Praxis for whose act Praxis is not liable or responsible and was not the result of any negligence, breach of care, warranty, and/or breach of contract on the part of Praxis.

### Tenth Affirmative Defense

As for its tenth affirmative defense, Praxis avers that the loss or damages sustained by Plaintiff, if any, did not involve or otherwise were cause in whole or in part by conditions or circumstances beyond the control of Praxis.

### Eleventh Affirmative Defense

As for its eleventh affirmative defense, Praxis avers that the loss or damages sustained by Plaintiff, if any, arose or resulted from the quality of the bunkers, defect of the bunkers, and/or

contamination of the bunkers by the act or omission of Plaintiff, Plaintiff's agents or representatives, or other third parties and not Praxis.

**Twelfth Affirmative Defense**

As for its twelfth affirmative defense, Praxis avers that Plaintiff's damages are barred by the doctrine of laches and/or all applicable statutes of limitations.

**Thirteenth Affirmative Defense**

Praxis reserves the right to raise additional affirmative defenses upon further discovery of information.

**COUNTERCLAIM AGAINST NORTHSTAR**

For its counterclaim, pursuant to Federal Rules of Civil Procedure 8 and 13, Praxis hereby alleges as follows:

1. Plaintiff/Counterclaim Defendant Northstar is a foreign corporation, which filed this action on or about April 3, 2020, seeking *inter alia*, damages for allegedly unpaid bunkers supplied to the M/T ANDIMILOS.

2. This Court has jurisdiction over the Counterclaim pursuant to 33 U.S.C. § 1333.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

4. On or about December 10, 2019, Praxis entered into a bunker supply agreement for Northstar to supply bunkers to the M/T ANDIMILOS.

5. On December 21, 2019, the bunkers were supplied to the M/T ANDIMILOS by Northstar at the Port of Rotterdam.

6. The owner of the Vessel, Third Party Defendant Venetiko Shipping Corporation ("Venetiko"), has alleged that during the Vessel's voyage, the Vessel began to experience

operational and/or mechanical issues shortly after switching over to the bunkers supplied by Northstar.

7. Venetiko alleged that the bunkers were off-specification and/or were not of a proper quality as required pursuant to the applicable bunker supply contract(s).

8. Praxis provided prompt notice to Northstar of the alleged issues with the bunkers claimed by Venetiko allegedly as a result of the bunker fuel provided by Northstar.

9. As a result of the alleged off-specification bunkers, Venetiko has claimed damages in an amount yet to be determined.

10. Praxis was without any fault in causing and/or contributing to the damages that may be alleged by Venetiko because at all relevant times, Northstar was the physical supplier of the bunkers and had complete custody and control of same until the delivery of the bunkers to the Vessel.

## COUNT I – CONTRIBUTION

11. Praxis restates and realleges the allegations set forth in paragraphs 1 – 10 of the Counterclaim above as if fully set forth herein and further alleges as follows:

12. If Praxis is held liable to Third Party Defendant Venetiko in this action, Praxis will incur damages, costs, expenses, and/or fees in response to the claimed damages.

13. Northstar is liable to Praxis for contribution for any and all sums Venetiko may allege against Praxis for the damages which may be determined were proximately caused by Northstar's supply of bunkers to the M/T ANDIMILOS.

## COUNT II - INDEMNIFICATION

14. Praxis restates and realleges the allegations set forth in paragraphs 1 – 10 above as if fully set forth herein and further alleges as follows:

15. Venetiko has alleged that the bunker fuel supplied by Northstar was off-specification and/or contaminated, and caused damages, losses, and/or expenses.

16. Praxis played no part in the manufacture, blending, storage, delivery, and/or supply of the bunker fuel to the M/T ANDIMILOS and no act or omission by Praxis caused or contributed to the alleged off-specification bunker fuel and/or damages allegedly caused to the Vessel.

17. As a result, Praxis is entitled to indemnity from Northstar for any and all damages, costs, expenses, losses, fees, interest, etc. which is determined to be the result of the alleged off-specification and/or contaminated bunkers.

## **THIRD PARTY COMPLAINT**

COMES NOW, Defendant/Counter-Claimant/Third-Party Plaintiff Praxis Energy Agents LLC, without waiving any rights, defenses, or affirmative defenses, by and through its undersigned counsel, brings the following third party complaint against Third Party Defendants Venetiko Shipping Corporation, *in personam* and the M/T ANDIMILOS, IMO No. 9282998, her engines, freights, apparel, appurtenances, tackle, etc. *in rem* and alleges as follows:

### I. JURISDICTION, VENUE, AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2. Supplemental jurisdiction for this Third-Party Complaint also exists under 28 U.S.C. § 1367 because this Third-Party Complaint is so related to the claims asserted in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. § 1391.

4. Praxis Energy Agents LLC is a Texas limited liability company with its principal place of business in Houston, Texas, located at 1725 Hughes Landing Blvd., Suite 890, The Woodlands, Texas 77380 and engaged in the business of providing maritime necessaries to ships, namely bunkers and marine gas oil.

5. Upon information and belief, Venetiko Shipping Corporation is a foreign company with a principal place of business in Greece. Pursuant to the applicable terms and conditions in the Bunker Supply Contract, Venetiko has submitted to the jurisdiction of the Southern District of Texas for the resolution of any and all disputes.

6. Defendant M/T ANDIMILOS ("Vessel") was and is an ocean-going chemical/oil products tanker, registered in Liberia, IMO number 9282998, call sign D5PA4, and is now, or will be during the pendency of this action, within the Southern District of Texas, and subject to the jurisdiction and venue of this Honorable Court.

## II. FACTUAL BACKGROUND

6. On or about December 10, 2019, Praxis and Eleston Corporation[1] for and on behalf of the Vessel owner Venetiko, entered into a bunker supply agreement for the supply of 1,100.000 MT of "VLSFO 0.5%" bunker fuel and 280.00 MT of LC MGO at the Port of Rotterdam, Netherlands to the M/T ANDIMILOS. A copy of the Bunker Nomination is attached hereto as **Exhibit 1**.

7. The Bunker Supply Contract incorporates Praxis General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants. A copy of Praxis General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants is attached hereto as **Exhibit 2**.

---

[1] The ship and commercial manager of the Vessel.

8. The Bunker Nomination for the Bunker Supply Contract provided that payment for the supply of bunkers are due within thirty (30) days from the date of delivery. *See* **Exhibit 1**.

9. The agreement for the supply of bunkers was for the account of buyers "M/T ANDIMILOS (IMO: 9282998) and/or Venetiko Shipping Corporation and/or Master and/or Owner and/or Managers and/or Operators and/or Eletson Corporation [at] 118 Kolokotroni Str, Piraeus, 18535, Greece." *See* **Exhibit 1**.

10. The bunkers were delivered to the Vessel at the Port of Rotterdam, on or about December 21, 2019, as set out in the Bunker Delivery Receipt. A copy of the Bunker Delivery Receipt is attached hereto as **Exhibit 3**. The Bunker Delivery Receipt bears the signature of the Vessel's authorized representative. *Id*.

11. By signing the Bunker Delivery Receipt, the authorized representative acted on behalf of the Vessel and her owner and/or operator and/or charterer to procure bunkers and accepted them for the Vessel.

12. The bunkers delivered to the Vessel were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship.

13. On December 21, 2019, Praxis submitted an invoice numbered "23211BB" for the delivery of VLSFO 0.5% bunkers fuel to the Vessel for the total amount of USD 549,968.93. Payment of the invoice was due on January 19, 2020. A copy of the Invoice is attached hereto as **Exhibit 4.**

14. To date, both Venetiko Shipping Corporation and Eletson Maritime Inc. have failed, neglected, and/or refused to remit full payment in breach of the Bunker Supply Contract for the amount totaling USD 549,968.93.

15. Pursuant to Clause 12.01.4 of Praxis' Terms and Conditions, the Buyer is obligated

to pay Praxis "default interest/late payment charges at the rate of 2.5% per month on the principal amount due from the due date of payment to the date of actual full payment of the principal, without prejudice to [Praxis'] right to claim full payment forthwith." See **Exhibit 2**, p. 4.

16. Pursuant to Clause 12.01.10 of Praxis' Terms and Conditions, the Buyer agrees to pay "[t]he full legal and other costs and expenses incurred by [Praxis] including those of [Praxis'] own legal department and of other lawyers it may employ in connection with any breach by the Buyer of any term of the [a]greement." See **Exhibit 2**, p. 5.

17. Pursuant to Clause 22.01, the contract for the sale of bunkers and lubricants to the Vessel are governed by general maritime the laws of the United States and are to be resolved before the District Court for the Southern District of Texas. See **Exhibit 2**, p. 7.

18. Praxis may and does now seek enforcement of a maritime lien for the supply of necessaries, *i.e.*, bunkers and marine fuel oil, under the provisions of 46 U.S.C. §§ 31341 *et seq*.

19. Clause 10 of the General Terms and Conditions provides that "the sale of Products to the Buyer and/or their acceptance on the Vessel create a maritime lien over the Vessel for the price of the Products, such maritime lien afforded to the Company over the Vessel." See **Exhibit 2**, p. 3.

20. As a result of the failure to pay the amounts owed to Praxis for the bunker fuel supplied to the Vessel, Praxis' claim for the amount of **USD 549,968.93**, attaches as a maritime lien on the Vessel in favor of Praxis and is enforceable against the Vessel *in rem* under the provision of 46 U.S.C. § 31341 *et seq*.

21. Praxis also seeks its applicable costs, fees, and interest in this matter. It is common in Rule C arrest cases for the security to be set at one and a half (1.5) times of the fairly stated claim. Plaintiff seeks security in the amount of **USD 685,000** (i.e. approximately 125% of the

principal claim). *See* Supplemental Rule E (5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.).

22.     Praxis seeks to enforce its maritime lien against the *in rem* defendant M/T ANDIMILOS, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

23.     Praxis also seeks to recover from Venetiko its damages for breach of contract, including the unpaid balance of **USD 549,968.93,** plua applicable costs, fees, interest, and charges pursuant to the Bunker Supply Contract.

## 14(c) TENDER OF VENETIKO SHIPPING CORPORATION TO PLAINTIFF NORTHSTAR BUNKER N.V.

Furthermore, Plaintiff Northstar Bunker N.V. has asserted an admiralty or maritime claim under Rule 9(h). If Plaintiff Northstar Bunker N.V. is entitled to recover, which Praxis Energy Agents L.L.C. denies, then Plaintiff should recover directly from Venetiko Shipping Corporation pursuant to Federal Rules of Civil Procedure 14(c), without any contribution from Praxis Energy Agents L.L.C. In accordance with Rule 14(c)(2), Praxis Energy Agents L.L.C., as Third Party Plaintiff, demands judgment in favor of Plaintiff Northstar Bunker N.V. against Third Party Defendants Venetiko Shipping Corporation. Therefore, in accordance with Rule 14(c)(2), Third Party Defendant Venetiko Shipping Corporation must defend under Federal Rule of Civil Procedure 12 against Plaintiff Northstar Bunker N.V.'s claims, as well as Third Party Praxis Energy Agents L.L.C.'s claims; and this action proceeds as if Plaintiff Northstar Bunker N.V. had sued both Third Party Defendants Venetiko Shipping Corporation and Third Party Plaintiff Praxis Energy Agents L.L.C.

# **PRAYER**

WHEREFORE, Praxis Energy Agents LLC respectfully requests that the Court enter judgment in its favor and against Plaintiff Northstar Bunker N.V. and respectfully requests that:

A. The Court dismiss all claims and causes of action contained in Plaintiff's Original Complaint against Praxis Energy Agents LLC;

B. That Counter-Defendant Northstar Bunker N.V. provide contribution and/or indemnify Praxis Energy Agents LLC for any and all damages which may be assessed in favor of Venetiko Shipping Corporation;

C. In accordance with Rule 14(c)(2)of the Federal Rules of Civil Procedure; Praxis Energy Agents L.L.C. as Third Party Plaintiff demands judgment in Plaintiff Northstar Bunker N.V.'s favor against Third Party Defendants Venetiko Shipping Corporation, and further, that Third Party Defendants Venetiko Shipping Corporation must defend under Rule 12 of the Federal Rules of Civil Procedure against Northstar Bunker N.V.'s claims as well as Third Party Plaintiff Praxis Energy Agents L.L.C. claims; and the action proceed as if Plaintiff Northstar Bunkers N.V. had sued Third Party Defendant Venetiko Shipping Corporation and Third Party Plaintiff Praxis Energy Agents LLC.

D. That if the Court finds in favor of Plaintiff Northstar Bunker N.V., the Court award Northstar its damages and all other relief against Venetiko Shipping Corporation only.

E. That Third Party Plaintiff Praxis Energy Agents LLC recover against Third Party Defendant Venetiko Shipping Corporation *in personam* and/or the M/T

ANDIMILOS, *in rem* any and all amounts it is entitled to as a matter of law, equity, or otherwise.

F.      Praxis Energy Agents LLC prays for all other and further relief to which it may be justly entitled under the facts and circumstances of this case.

Dated: May 20, 2020                                     Respectfully submitted,

CHALOS & CO, P.C.

  /s/ Briton P. Sparkman
George M. Chalos
Federal ID No. 623727
Briton P. Sparkman
Federal ID No. 1148116
7210 Tickner Street
Houston, TX 77055
Telephone: 713.574.9454
Facsimile: 866.702.4577
gmc@chaloslaw.com
bsparkman@chaloslaw.com

*Attorneys for Defendant*
*Praxis Energy Agents LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 20, 2020, I arranged for a copy of the foregoing instrument to be filed on the Court's cm/ECF system, thereby giving notice to all parties of record.

                /s/ Briton P. Sparkman
                Briton P. Sparkman