United States District Court
Southern District of Texas
**ENTERED**
November 19, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORTHSTAR BUNKER N.V., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-01195 |
| § | |
| PRAXIS ENERGY AGENTS LLC, § | |
| § | |
| Defendant. § | |

**ORDER**

**I.**

Before the Court is the plaintiff's, Northstar Bunker N.V. ("Northstar"), motion to dismiss the third party defendant's, Venetiko Shipping Corporation ("Venetiko"), claims for negligence, breach of implied warranties of fitness and merchantability, and product liability, pursuant to the doctrine of forum non conveniens. The Court is of the opinion that Northstar's motion should be **DENIED**.

**II.**

Northstar filed this suit against Praxis Energy Agents, LLC ("Praxis") on claims for breach of contract after Praxis, according to Northstar, failed to pay the costs of bunker fuel that Praxis purchased from Northstar. The arrangement reveals that Northstar was the supplier of bunker fuel for vessels owned and operated by Venetiko, which purchased the fuel from Praxis. When Praxis failed to pay for the fuel, Northstar sued Praxis, a Texas company, for breach of contract. Praxis, in turn, counterclaimed against Northstar and separately filed claims against Venetiko for failure to pay for the purchases, per its agreement with Venetiko.

Having brought its suit in Texas against Praxis, Northstar now seeks to have Venetiko's third party counterclaims against Northstar dismissed based on the assertions that the evidence,

witnesses, fuel samples, and the sources of proof are either in the Netherlands or nearby Belgium. Hence, Northstar argues that Venetiko's counterclaims should be adjudicated in the Netherlands.

Northstar does not seek to dismiss Praxis' counterclaims against Northstar, even though Belgian law, arguably,[1] applies to such counterclaims. Granting Northstar's motion could result in multiple suits and inconsistent results. Therefore, the Court is of the opinion that Northstar's motion should be denied because the parties' claims and counterclaims arise out of the same two related transactions, *i.e.*, the same nucleus of operative facts. The posture of the case, the issues presented, and the likelihood that any separately filed suit will involve the same parties and/or result in conflicting outcomes all militate against dismissal. Accordingly, notwithstanding the considerations offered by Northstar, the Court does not agree that this is one of the "rare cases where the [forum non conveniens] doctrine should be applied." *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

### III.

Based on the foregoing analysis and discussion, the Court finds that plaintiff Northstar Bunker, N.V.'s motion to dismiss based on forum non conveniens should be DENIED. Accordingly, it is hereby ORDERED that the plaintiff's motion to dismiss is DENIED.

It is so **ORDERED**.

SIGNED on this 19th day of November, 2020.

_____
Kenneth M. Hoyt
United States District Judge

---

[1] Northstar notes that the terms and conditions governing Praxis' purchase of the fuel from Northstar require that disputes arising from the parties' agreement "shall be finally settled in accordance with Belgian law."