United States District Court
Southern District of Texas
**ENTERED**
December 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORTHSTAR BUNKER N.V., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-01195 |
| § | |
| PRAXIS ENERGY AGENTS LLC, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

**I.**

Before the Court are the plaintiff's, Northstar Bunker N.V. ("Northstar"), motion to dismiss (Dkt. No. 28), the third-party defendant's, Venetiko Shipping Corporation, ("Venetiko") response (Dkt. No. 31), and Northstar's reply (Dkt. No. 32). After having carefully considered the motion, the response, the reply and the applicable law, the Court determines that Northstar's motion to dismiss should be DENIED.

**II.**

This is a breach of contract case. Northstar sold bunker fuel to Praxis Energy Agents LLC (Praxis), a fuel trader. Praxis then sold the fuel to Veneticko for its vessel. Claiming that the fuel was defective, Venetiko refused to pay Praxis and Praxis refused to pay Northstar. Seeking to recover the unpaid balance of the fuel invoice, Praxis sued Venetiko for breach of contract. In an effort to recover damages related to the physical harm sustained by the Venetiko's vessel as well as other losses associated with the fuel, Venetiko asserted counterclaims against Praxis and Northstar. Ventiko asserts claims against Northstar for, breach of implied warranties of fitness and merchantability, negligence, and product liability. Northstar

moves to dismiss these causes of action under Federal Rule of Civil Procedure 12(b)(6). Additional facts are set out in a separate Memorandum Opinion and Order (DE 27).

### III.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

### IV.

Northstar asserts that Venetiko's counterclaims for breach of implied warranties of fitness and merchantability, negligence and product liability should be dismissed because there is no privity of contract between Northstar and Venetiko. It asserts that the two parties never entered into a contract, verbal or written, for the purchase and sale of fuel, therefore, Venetiko, third-party beneficiary claims fail. Northstar also argues that Venetiko's claims of negligence and product liability fail because Venetiko's product liability claim does not rest on a basis for which this Court may grant relief. Likewise, Northstar agrees, Venetiko's complaint fails to plead any actual damages that it suffered as a result of negligence or product liability even if any plausible relief has been pleaded.

Venetiko disputes Northstar's position and motion to dismiss asserting, actual damages because the fuel purchased from Northstar was defective and damaged parts of the vessel.

Assuming Venetiko's pleadings to be true; therefore, the Court determines that Northstar's motion to dismiss should be Denied. According to Federal Rules of Civil Procedure, Rule 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). The Court holds that Venetiko's pleadings are sufficient to overcome a Rule 12(b)(6) motion to dismiss.

It is so Ordered.

SIGNED on this 3rd day of December, 2020.

_____
Kenneth M. Hoyt
United States District Judge